UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL E. VALBRUN, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 4: CV-06-56 |
| : | |
| THOMAS HOGAN, ET AL., : | (Judge McClure) |
| : | |
| Respondents : | |

## **ORDER**

May 10, 2006

**Background**

Carl Elie Valbrun ("Petitioner") initiated this petition for writ of habeas corpus while detained by the Bureau of Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Service of the petition was previously ordered.

Petitioner describes himself as being a native and citizen of Haiti who entered the United States in 1981 at the age of eighteen (18). During 2000, Valbrun was convicted of grand larceny in the State of New York. Upon completion of his resulting criminal sentence, the ICE commenced removal proceedings against the

Petitioner. An Immigration Judge ordered his removal on February 2, 2004. An appeal to the Board of Immigration Appeals was dismissed on June 30, 2004.

Valbrun's present action does not challenge the legality of his removal.[1] Rather, his petition claims that his ongoing indefinite confinement while challenging his removal is unreasonable and violates his due process and equal protection rights. As relief, Petitioner seeks his supervised release from confinement.

After being granted an enlargement of time, the Respondents filed a response to the petition on February 21, 2006. Respondents argue that Petitioner is not entitled to federal habeas corpus relief on the grounds that: his request for release is premature; Petitioner's removal is foreseeable; he was provided with meaningful custody reviews; and his equal protection rights have not been violated. See Record document no. 8.

**Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v.

---

[1] A prior habeas corpus petition filed in this Court by Valbrun which challenged the legality of his proposed removal was transferred to the United States Court of Appeals for the Second Circuit.

Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

On April 19, 2006, Petitioner filed a notice of change of address with this Court.  His notice states that as of April 17, 2006, he was residing in Whitehall, Pennsylvania.  See Record document no. 11.  Upon further investigation, this Court confirmed that Valbrun was released from confinement on April 14, 2006

pursuant to an order of supervision.  As noted earlier, the only relief requested by Petitioner is this action is that he be afforded supervised release.   Since he has been afforded that relief, a finding of mootness is appropriate.

In conclusion, under the principles set forth in Steffel, Valbrun's challenge to his indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed as moot.
2. The Clerk of Court is directed to close the case.
3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge